**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rubecca Mikkelsen, surviving spouse of Kelly Mikkelsen, deceased, on behalf of Miles, Jerret, and Allison Mikkelsen, the minor children of Kelly Mikkelsen, deceased; Dennis Mikkelsen, natural father of Kelly Mikkelsen, deceased; and Taylor R Fox, a minor, by her next friend and natural mother, Tracy Fox-Tanga,<br><br>Plaintiffs,<br><br>vs.<br><br>Arch Specialty Insurance Company, a foreign corporation; AIG National Insurance Company, Inc., a foreign corporation; Lexington Insurance Company, a foreign corporation; Willis of Tennessee, Inc., a foreign corporation; Correctional Health Resources, Inc., a foreign corporation; Kenneth L Faiver, husband; and Joseph Edward Rich, M.D.,<br><br>Defendants. | No. CIV-04-0368-PHX-MHM<br><br>**ORDER** |

Currently, before the Court are Defendant Arch Specialty Insurance Company's Motion for Attorney Fees, (Dkt. #69), and Defendant Lexington Insurance Company's Motion for Attorney Fees. (Dkt. #70). Having reviewed the motions and papers, the Court issues the following Order.

## I. Background

Plaintiffs in this action are the surviving relatives of decedent Kelly Mikkelsen. Kelly Mikkelsen died on October 11, 2001, while in the Yuma County Adult Detention Center. Plaintiffs filed suit against Yuma County, Correctional Health Resources (CHR), Kenneth Faiver, and Joseph Rich alleging wrongful death, which is currently pending in the United States District Court, District of Arizona, CIV-02-2252 before the Honorable James A. Teilborg ("wrongful death action").

Plaintiffs commenced the instant litigation on February 20, 2004, naming CHR's insurers Arch Specialty Insurance Company ("Arch"), AIG National Insurance Company, Inc. and its subsidiary Lexington Insurance Company (AIG/Lexington) as Defendants. Plaintiffs' declaratory judgment complaint primarily sought a determination that should Plaintiffs obtain a favorable judgment against CHR that Arch and AIG/Lexington are obligated to indemnify CHR.

On March 23, 2005, the Court granted Defendants Arch and AIG/Lexington's motion to dismiss for lack of subject matter jurisdiction, concluding that Plaintiffs failed to allege a justiciable controversy because an injured party does not have a cause action against a tortfeasor's insurer until the injured party obtains a judgment against the tortfeasor. Defendants now seek attorneys' fees pursuant to ARIZ. REV. STAT. § 12-341.01(A).

## II. Legal Standard

Section 12-341.01(A) provides: "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Id. Section 12-341.01 authorizes the award of "reasonable attorney's fees" to the prevailing party in Arizona in any action "arising out of a contract." Id. Whether fees are actually awarded and the amount to be awarded, however, lies within the discretion of the Court. Associated Indemnity Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz.1985)**.**

## III. Discussion

- 2 -

1    First, Plaintiff contends the Court's conclusion their declaratory judgment complaint did not raise a justiciable controversy was not a final decision on the merits, entitling Defendants to seek attorneys' fees under section 12-341.01.  However, the Arizona Supreme Court has noted "A.R.S. § 12-341.01 makes no reference to adjudication on the merits as a prerequisite to recovering attorney's fees as a successful party."  Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025 (Ariz. 1985)( holding under section 12-341.01 a party is the "successful party" and may be awarded attorneys' fees when that party merely achieves reversal of an unfavorable interim order resulting in remand for further proceedings).  Accordingly, section 12-241.01 does not require a "successful party" obtain a favorable judgment on the merits before becoming eligible for attorneys' fees.

The Arizona supreme court has listed six factors to be considered in determining whether attorneys' fees should be awarded under section 12-341.01(A). Associated Indemnity Corporation v. Warner, 694 P.2d 1181, 1184 (1985).  These factors are: (1) the merits of the unsuccessful party's claim or defense; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all of the relief it sought; (5) the novelty of the legal question presented; and (6) whether the award in any particular case would discourage other parties from litigating tenable claims or defenses for fear of incurring liability for substantial amounts of attorneys' fees. Id.

Turning to the Warner factors, first the Court notes the precise issue of whether an injured party lacks standing to bring a declaratory judgment against a tortfeasor's insurer had not been addressed by Arizona courts.  While Arizona courts had concluded for purposes of the statute of limitations a cause of action accrues between an injured party and the tortfeasor's insurer only after judgment is entered against the tortfeasor, other jurisdictions have concluded such a cause of action presents a justiciable controversy. See Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677 (7th Cir. 1992) (holding plaintiff bringing declaratory judgment action seeking a determination insurer would indemnify insured raised

- 3 -

1 a justiciable controversy even though plaintiff had yet to obtain a favorable judgment in
2 underlying suit). Accordingly, although the Court ultimately rejected Plaintiffs' arguments,
3 they were not without merit.
4   Second, the Court finds the issue of settlement does not favor either party because the
5 case was decided before discovery on motions to dismiss. Third assessing fees against the
6 unsuccessful party would cause extreme hardship. The claimants in this litigation are Kelly
7 Mikkelsen's four surviving minor children and Kelly's Mikkelsen's retired father, who has
8 minimal assets and depends on a fixed social security income. Furthermore, the vast majority
9 of Arch's fee request is in relation to its motion to set-aside default. Although Arch contends
10 Plaintiff should have agreed to set-aside the default, it was Arch's error, which resulted in the
11 default. When comparing the actions of Plaintiff to the failure of a sophisticated corporation
12 to timely reply to a complaint, it was aware of, due to interoffice confusion, the Court finds
13 the Defendants actions far more culpable and Defendant is not entitled to $43,000 in fees
14 incurred in attempting to set aside the entry of default.
15   Fifth, as noted above, although Arizona Courts had concluded for purposes of the
16 statute of limitations a cause of action accrues between an injured party and the tortfeasor's
17 insurer only after judgment is entered against the tortfeasor, the issue of whether an injured
18 party may sue a tortfeasor's insurer prior to obtaining a judgment tortfeasor had not been
19 determined in Arizona. Sixth and finally, the Court finds awarding Defendants' considerable
20 attorneys' fee request (over $60,000) in this case would discourage other parties from
21 litigating tenable claims or defenses for fear of incurring liability for substantial amounts of
22 attorneys' fees. Id.
23   In conclusion, Plaintiff's claims were meritorious, other jurisdictions have found
24 similar claims presented a justiciable controversy, and Arizona courts had only determined
25 for purposes of the statute of limitations a cause of action accrues between an injured party
26 and the tortfeasor's insurer after judgment is entered. Furthermore, an attorney fee award
27 would pose a substantial hardship on Plaintiffs. In addition, a significant amount of Arch's
28 fee request, $43,000, resulted in its own failure to timely respond to the Complaint.

1   Although ultimately excusable, a sophisticated corporations failure to timely respond, can
2   hardly be attributed to the Plaintiffs' in this action.
3           **Accordingly,**
4           **IT IS HEREBY ORDERED** that Defendant Arch Specialty Insurance Company's
5   Motion for Attorney Fees is **DENIED**. (Dkt. #69)
6           **IT IS FURTHER ORDERED** that Defendant Lexington Insurance Company's
7   Motion for Attorney Fees is **DENIED**. (Dkt. #70)
8           **DATED this 2nd day of November, 2005.**

_____
Mary H. Murguia
United States District Judge